SULLIVAN, Senior Judge
(concurring):
Article 130, Uniform Code of Military Justice, states:
§ 930. Art. 130. Housebreaking
Any person subject to this chapter who unlawfully enters the building or structure of another with intent to commit a criminal offense therein is guilty of housebreaking and shall be punished as a court-martial may direct.
(Emphasis added.) The unlawfulness of the entry is an element of the offense to be determined by the factfinders based on the evidence in each case. See United States v. Williams, 4 USCMA 241, 246-47, 15 CMR 241, 246-47 (1954); see generally United States v. New, 55 MJ 95, 114 (2001) (Sullivan, J., concurring in the result).
Military appellate courts have resolved legal sufficiency challenges in cases similar to appellant’s. See United States v. Yingst, 42 CMR 903 (ACMR 1970) (evidence sufficient where it demonstrates no official duty to enter hangar after duty hours in dead of night and after building vacated); cf. United States v. Cox, 14 CMR 706 (AFBR 1954) (evidence insufficient where entry by accused authorized by order to perform security check).
In my view, the scope of the authority to enter is critical. Here, there was ample evidence presented that appellant was authorized to enter the warehouse only to perform military duties pertaining to Force Management. There also was ample evidence that he did not enter the warehouse on the night in question to perform those duties. Relying on the criteria delineated by this Court in Williams to show unlawfulness, I conclude this was legally sufficient evidence to support a finding that appellant’s entry was unlawful and sustain his conviction for violating Article 130, UCMJ. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).